**Daniel P. SASMORE, Appellant,**

v.

**Carmen S. MOIS, Appellee.**

**No. 2374.**

Municipal Court of Appeals for the District of Columbia.

Argued April 27, 1959.

Decided Aug. 25, 1959.

Rehearing Denied Sept. 23, 1959.

John C. Keating, Washington, D. C., for appellant.

John N. Lyle, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This is another chapter in the matrimonial difficulties of the parties. After many years of marriage and the birth of a son, the parties entered into a separation agreement on August 30, 1956. He did not comply with the provisions, or at least a substantial part, of the agreement, and on January 18, 1957, he filed suit in Montgomery County, Maryland, seeking a di-

vorce and a declaration that the separation agreement was null and void. That suit was dismissed on April 24, 1957, for lack of jurisdiction. On June 3, 1957, she filed suit in the United States District Court for the District of Columbia, seeking specific performance of the separation agreement and for judgment for money due thereunder. While that suit was pending he, on October 21, 1957, filed suit in Nevada, again asking for a divorce and that the separation agreement be held void. On December 13, 1957, she answered the Nevada suit and asked for separate maintenance, custody of their son, specific performance of the separation agreement, and $200 a month as permanent alimony. After a hearing the Nevada court granted a divorce to the wife and awarded her certain other relief hereafter more fully discussed. The Nevada decree was dated January 14, 1958.

When the still pending suit in the United States District Court for the District of Columbia reached the "calendar call," it appeared that the only relief then sought by the wife was a judgment for $1,700 alleged to be due under the separation agreement. The District Court thereupon certified the case to the Municipal Court.[1] In the meantime the wife had remarried.

In the Municipal Court the husband moved for summary judgment on the ground that the Nevada decree was res judicata as to all matters included in the separation agreement. The motions judge denied this motion. At trial the defense of res judicata was again raised, but the trial judge refused to reconsider the action of the motions judge, and trial resulted in a judgment for the wife.

We shall first consider the defense of res judicata and consideration of it requires examination in some detail of both the separation agreement and the Nevada decree.

We deal first with the similarities of the agreement and the decree. The agreement

1. Code 1951, 11–756, (Supp. VII). It is at least questionable whether the District Court should not have dismissed the case for lack of jurisdiction.

provided that the home, located in Bethesda, Maryland, the furniture therein, and a Chrysler automobile would become the property of the wife. The decree ordered the husband to execute a deed conveying the home and its furniture and furnishings to the wife, and ordered him to transfer title to the Chrysler automobile to her. The agreement provided that the husband continue in force a $20,000 life insurance policy in favor of the son. The decree ordered the husband to "keep and maintain all life insurance policies of which the minor child is now a beneficiary." The agreement provided that the husband could keep his personal belongings including "professional books." The decree ordered the wife to deliver to the husband a set of Encyclopedia Britannica. The agreement provided that the husband sign necessary papers for medical treatment and commissary privileges to which the wife and child would be entitled under service regulations (he is an Army officer). The decree ordered him to furnish a "dependent medical card" entitling the child to medical or surgical treatment as a minor son of an officer of the United States Army.

. Turning to the dissimilarities we find the following: The agreement provided that the husband pay the wife $200 a month "alimony until wife remarries." The decree ordered no alimony. The agreement provided that the husband have custody of the child for nine months (school year) and the wife for three months (vacation period). The decree awarded custody to the wife, with the right to the husband to have the child for one month during each summer; and the decree ordered the husband to pay $200 a month for support of the child. While, as stated above, the decree ordered no alimony, it did order the husband to pay to the wife $3,000 in monthly installments of $100 "representing a debt incurred by the parties in the purchase" of the home. The decree also ordered the husband to deliver to the wife certain cameras and photographic equipment as well as "all diaries" in his possession.

We think it cannot be disputed that the separation agreement was put in issue in the Nevada proceedings. The husband asked that it be set aside and declared void. The wife asked that the husband be required to specifically perform the provisions of the agreement. And it is plain that the Nevada court neither declared the agreement void nor ordered it specifically performed in its entirety. But the court certainly did not expressly refrain from acting on the agreement and in fact did enforce many of its provisions. A reading of the agreement and the decree leads to the conclusion that the court (or perhaps the parties) considered each item in the agreement, adopted some, as for example, the provision relating to the transfer of the home and Chrysler automobile to the wife, rejected some, as for example, giving custody of the child to the wife instead of the husband, and modified others, as for example, the provision relating to the "dependent medical card."

We cannot escape the conclusion that the court considered the "alimony" provision of the agreement and rejected it and also rejected the wife's claim to permanent alimony made in her answer. Whether the provision for payment of $3,000 to the wife in monthly installments of $100 was substituted in lieu of alimony, we cannot say, but it is more than evident that the entire agreement was before the court and was acted upon, and such action was res judicata as to the agreement and all rights of the parties thereunder.

Of course, a separation agreement may survive a divorce decree when not put in issue or when the court expressly refrains from acting upon it;[2] but such is not the case here. The plea of res judicata should have been sustained.

Reversed with instructions to enter judgment for the defendant.

2. See Annotation, 32 A.L.R.2d 1145.